UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KYLE BROUSSARD, ET AL

VERSUS

MUD BUDDY, L.L.C. D/B/A
MUD BUDDY MANUFACTURING

CIVIL ACTION

NO. 08-125-BAJ-CN

# RULING

This matter is before the Court for consideration of Mud Buddy, L.L.C.'s ("Defendant") motion in limine to exclude the use of Mud Buddy or Gator Tail boat motors as evidentiary exhibits at the *Markman* hearing in this matter (doc. 49). Kyle Broussard and Gator Tail, L.L.C. ("Plaintiffs") have opposed the motion (doc. 54). The *Markman* hearing is scheduled for Monday, October 3, 2011 at 8:30 a.m. For the reasons set forth below, Defendant's motion in limine is denied.

## BACKGROUND

On February 28, 2008, Plaintiffs filed suit for infringement of United States Patent Numbers 7, 297,035 ("the '035 patent"), and 7,052,340 ("the '340 patent") (doc. 1, p. 1). The patents pertain to outboard air-cooled motors, apparatuses, and assemblies for use on boats in shallow water and muddy environments. On

July 9, 2010, Defendant filed the instant motion in limine to exclude evidence of both the Mud Buddy and Gator Tail boat motors from the forthcoming *Markman* hearing.

Defendant alleges that Plaintiffs will rely on both boat motors as evidence in relation to its proposed claim construction at the *Markman* hearing (doc. 49, p. 1). Defendant asserts that such use is prohibited and improper, as the boat motors are extrinsic evidence, and, therefore, should be inadmissible for the purpose of claim construction (doc. 49, p. 2). Plaintiffs argue that they intend to offer both boat motors as demonstrative—not direct—evidence, and that the Court may construct the claims in the context of Defendant's motor (doc. 54-1, pp. 1-2, 5).

## DISCUSSION

It is well established that a court may, "in its discretion, receive extrinsic evidence in order to aid the court in coming to a correct conclusion as to the true meaning of the language employed in the patent." *Markman v. Westview Inst., Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995) (quotation omitted). It is clear, however, that the Court may not "*rely* on extrinsic evidence in claim construction to contradict the meaning of claims discernible from thoughtful examination of the claims, the written description, and the prosecution history – the intrinsic evidence." *Pitney Bowes, Inc. v. Hewlett-Packard Company*, 182 F.3d 1298, 1308 (Fed. Cir. 1999). But a court may review extrinsic evidence to assist it in comprehending the technology as necessary for actual claim construction.

2

*Pitney Bowes, Inc. v. Hewlett-Packard Company*, 182 F.3d 1298, 1308 (Fed. Cir. 1999). "In construing the claims, the court looks to the patent itself, the prosecution history, and, if necessary, extrinsic evidence." *Loral Fairchild Corp v. Sony Corp.*, 181 F.3d 1313, 1321 (Fed. Cir. 1999). Extrinsic evidence "may be helpful to explain scientific principles, the meaning of technical terms, and terms of art that appear in the patent and prosecution history." *Markman*, at 980. Therefore, the Court concludes that the use of extrinsic evidence by a party at a *Markman* hearing is not improper. Furthermore, the Federal Circuit has held that "a trial court may consult the accused device for context that informs the claim construction process." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1319 (Fed. Cir. 2006).[1]

Accordingly, the Court will permit Plaintiffs to offer the boat motors as demonstrative evidence to aid the Court in claim construction at the *Markman* hearing. However, the Court will limit its review of the extrinsic evidence to only the evidence that is necessary to the claim construction.

---

[1] *See also Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006) ("Knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction."); *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed.Cir.1999) ("Although the construction of the claim is independent of the device charged with infringement, it is convenient for the court to concentrate on those aspects of the claim whose relation to the accused device is in dispute.").

## CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion in limine (doc. 49) to exclude the Mud Buddy and Gator Tail boat motors from the forthcoming *Markman* hearing is **HEREBY DENIED**.

Baton Rouge, Louisiana, July 28, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA